Kirkpatrick C. J.
The defence in this case, in my opinion, is wholly insufficient in the law, and wholly unsupported by any case or principle of decision in New-Jersey. Therefore, let the'judgment be affirmed.
Rossell J.
was of the same opinion.
Southard J.
Upon the admissibility of this evidence, it is proper to remark, 1. That no difficulty arises from the mode in which the defendant, Manning, pleaded. In the court in which he was, there is no necessity for a written plea, in any case, except where it is specially pointed out by the statute. If the defence, therefore, was a good one, the evidence was competent under the pleadings.
2. If the facts, offered to be proved, are sufficient to discharge the security from a liability to pay a sealed bill, he had a right, in that court, to avail himself of the defence. If he can prove the facts; and those facts discharged him from the debt; those facts may be proved in an ordinary suit, on the bill, in a court of law. There is nothing in the nature or character of the defence which requires him to seek protection in a court of equity.
3. The facts offered to be proved, present this question. Can a security upon a sealed instrument, after the day of payment is passed, require the creditor to prosecute; and if he does prosecute and afterwards, without the knowledge and consent of the security, alters the mode and extends the time of payment; so that the principal fails and security is thereby injured, will he be discharged? And I think the question may very safely be answered in the affirmative. The rights of a security are always favoured. He is bound to the extent of his undertaking, but no farther; Neither the creditor, the principal, the court, nor any other power, can carry his engagement beyond what he has consented to. A new contract cannot be made for him, without his consent. It is true, a mere *677 delay in calling on his principal, will not, either *at law or equity, discharge him; because such delay is presumed to be with his approbation, unless it otherwise appears. But if he objects to the delay; if, at his request, the. creditor agrees to enforce the payment, and commenees a suit, he ought not afterwards to violate the agreement, select another day and mode of payment, and thus create a new contract against his will. For the overruling of this evidence, therefore, I think the judgment should be reversed.
Judgment affirmed.